UNITED STATES of America,
Plaintiff—Appellee,

v.

Raul Lima **HERNANDEZ**, Defendant—
Appellant.

No. 02–50349.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Raul Lima Hernandez appeals his 107–month sentence following conviction by guilty plea for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Hernandez contends that the district court erred by: (1) failing to advise him that drug quantity would have to be proved beyond a reasonable doubt, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny; and (2) failing to warn him that his factual admissions at the change of plea would be used to impose a sentence greater than that allowed by the offense of conviction. Hernandez is mistaken.

The indictment charged Hernandez with a single count of conspiracy to distribute three specified types of drugs, in specified quantities which exposed him to a statutory sentence of ten years to life in prison. *See* 21 U.S.C. § 841(b)(1)(A). In the plea agreement, at the plea hearing, and in his sentencing papers, Hernandez stipulated that, as part of the conspiracy, he possessed with intent to distribute 632 grams of cocaine base. *Apprendi* is not implicated by his stated wish to litigate drug quantity for sentencing purposes, because even omitting those 147 grams, he possessed far in excess of the 50 grams required to expose him to a statutory maximum of life in prison. *See* 21 U.S.C. § 841(b)(1)(A)(iii); *United States v. Buckland*, 289 F.3d 558, 570 (9th Cir.) (en banc) (rejecting *Apprendi* challenge to sentencing guideline calculation within statutory range), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Moreover, at sentencing Hernandez did nothing to bring the stipulated drug quantity into question. Rather, he focused on whether the conspiracy count's sub-paragraphs linked him, by name, with specific quantities of cocaine base. Nowhere in *Apprendi* or *Buckland* does such a requirement appear. *Cf. Buckland*, 289 F.3d at 572 (rejecting *Apprendi* challenge on plain error review where defendant conceded drug quantity sufficient to trigger greatest statutory maximum).

Hernandez also contends that the district court was required to make an independent determination of drug quantity. Because Hernandez stipulated to that quantity and—despite his stated intention—failed to put the quantity of crack cocaine into dispute at sentencing, there was no sentencing error. *Cf. United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999) (observing that stipulations to material facts conclusively establish those facts).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.